UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG - 3 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Timothy Adams, )
)
    Plaintiff, )
)
v. ) Civil Action No. 11 1395
)
U.S. Attorney's Office, )
)
    Defendant. )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief may be granted).

Plaintiff, a prisoner at the Federal Correctional Institution in Fairton, New Jersey, purports to bring a claim under the Privacy Act, 5 U.S.C. § 552a, but he seeks the amendment of "false and inaccurate statements" the United States Attorney's Office allegedly submitted in collateral court proceedings challenging his conviction. Pet. at 1. Plaintiff asserts that in his many filings since November 1997, seeking to vacate his 1995 conviction under 28 U.S.C. § 2255, *see* Pet. at 2-5 (page numbers supplied), neither the Middle District of North Carolina nor the United States Court of Appeals for the Fourth Circuit has "addressed the central question of whether the affidavit submitted by the United States attorney's office opposing the § 2255 motion was false." Compl. at 5 (page number supplied). He now seeks to litigate this issue via the Privacy Act.

The Privacy Act requires federal agencies to maintain records "used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination[.]" 5 U.S.C. § 552a(e)(5). Section 552a(d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991). Subsections (g)(1)(A) and (C) authorize civil actions to enforce the amendment and accuracy requirements. Plaintiff's Privacy Act claim is fraught with problems, but the claim essentially fails because the challenged affidavit is a court document, to which the Privacy Act does not apply, *see Fuller-Avent v. U.S. Probation Off.*, 226 Fed. Appx. 1 (D.C. Cir. 2006), and the court, not the agency, made the adverse determination.

Besides, in order to grant the relief sought, this Court would need to review the decisions of the post-conviction courts. As a general rule applicable here, a federal district court lacks subject matter jurisdiction to review the decisions of another federal court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). Because this action is yet another of plaintiff's attempts to overturn his conviction, where he will not succeed, it will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: July 19, 2011

United States District Judge

2